UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.J. and C.D., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASHLYNN MARKETING GROUP, INC.,<br><br>Defendant. | Case No.: 24-cv-00311-GPC-MSB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM**<br><br>**[ECF No. 41]** |

Before the Court is Plaintiffs' motion to proceed under pseudonym. ECF No. 41. Defendant filed a notice of non-opposition in response to the motion. ECF No. 43. The Court finds the matter suitable for decision on the papers. For the reasons below, the Court GRANTS Plaintiffs' motion to proceed under pseudonym.

## BACKGROUND

Plaintiffs filed the instant action on February 16, 2024, ECF No. 1, and filed an amended complaint on April 2, 2024, ECF No. 7 ("FAC"). Plaintiffs allege that Defendant has engaged in "false, misleading, deceptive, and negligent sales practices regarding its kratom powder, capsule, and liquid extract products." FAC ¶ 1. Kratom is

a drug that allegedly has opioid-like effects, addiction risks, and withdrawal symptoms. *Id.* ¶ 2. Plaintiffs allege that kratom "has sunk its hooks into tens of thousands of unsuspecting customers and caused them serious physical, psychological, and financial harm." *Id.* ¶ 3. Plaintiffs' claims focus on Defendant's alleged failure to disclose kratom's addictiveness to its customers. *Id.* ¶ 4.

In the FAC, Plaintiffs describe their personal experiences with kratom in great detail, including their development of kratom addictions and the withdrawal symptoms they suffered when they attempted to cease using kratom. *See id.* ¶¶ 68-69. Because of the nature of the allegations, Plaintiffs fear that disclosure of their names "would draw unwanted and embarrassing public attention to them[.]" ECF No. 41-1 at 1. Since the case's inception, Plaintiffs have proceeded under the pseudonyms "J.J." and "C.D." *See* ECF No. 1. Following the Early Neutral Evaluation and Case Management Conference, Plaintiffs moved the court for leave to proceed under pseudonym. ECF No. 41.

## DISCUSSION

Generally, a plaintiff proceeding anonymously is in friction with the public's right to access judicial proceedings and records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978); *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1293 (9th Cir. 1986). Nonetheless, the Ninth Circuit has long "permitted parties to proceed anonymously when special circumstances justify secrecy." *Does 1 thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). A party may proceed under a pseudonym "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," such as when necessary "to protect a person from harassment, injury, ridicule, or personal embarrassment." *Id.* at 1068. "Courts balance the severity of, the party's vulnerability to, and the reasonable proximity of the threatened harm against any prejudice to the opposing party and public interest in disclosure." *SEB Inv. Mgmt. AB v. Symantec Corp.*,

2021 WL 3487124, at *1 (N.D. Cal. Aug. 9, 2021) (citing *Advanced Textile*, 214 F.3d at 1068-69).

## I.     Plaintiffs' Need for Anonymity

Courts have "considered 'social stigmatization' among the 'most compelling' reasons for permitting anonymity." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (citing *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981)). This is consistent with the Ninth Circuit's reasoning in *Advanced Textile*: social stigmatization can involve "sensitive and highly personal" matters and subject plaintiffs to harassment, ridicule, or embarrassment. *Id.* (citing *Advanced Textile*, 214 F. 3d at 1067-68).

Plaintiffs argue that they will suffer harm and embarrassment if they are not permitted to proceed under pseudonyms because drug addictions are heavily stigmatized. ECF No. 41 at 4-5. There is no doubt that substance abuse and addiction carry unfair, yet significant, social stigmas. *See Lopez v. Pac. Mar. Ass'n*, 657 F.3d 762, 769 (9th Cir. 2011) (Pregerson, J., concurring in part and dissenting in part) ("[o]ne of the primary limitations suffered by individuals recovering from addiction is the continuing stigma associated with their prior drug and alcohol use"). Plaintiffs' claims involve Defendant's alleged failure to disclose the addictiveness of kratom, a drug that has opioid-like effects. ECF No. 7 ("FAC") ¶¶ 2, 4. In the FAC, the named Plaintiffs describe their own struggles with kratom addiction, ¶¶ 68-69, and allege that kratom "has sunk its hooks into tens of thousands of unsuspecting customers, ¶ 3. Plaintiffs understandably fear that disclosure of their names, and, inevitably, their kratom addictions, would subject them to harassment, ridicule, or embarrassment.[1] *See Smith v. U.S. Off. of Pers. Mgmt.*, 2014 WL

---

[1] This is especially true considering the media attention this case might garner. In fact, it has already attracted some media attention. *See* Mike Curley, *Kratom Co. Gets Claims Trimmed In Addiction False Ad Row*, LAW360 (Sept. 23, 2024, 12:58 PM),

12768838, at *2 (E.D. Pa. Jan. 21, 2014) ("Plaintiff reasonably fears embarrassment to himself and his family if his identity is disclosed because of the societal stigma associated with addiction"). Further, allowing Plaintiffs to proceed under pseudonyms will prevent the public—particularly prospective employers—from learning of Plaintiffs' addictions with simple Google searches. *See Starbucks Corp. v. Superior Court*, 168 Cal. App. 4th 1436, 1452 n.7 (2008) ("[t]he judicial use of 'Doe plaintiffs' to protect legitimate privacy rights has gained wide currency, particularly given the rapidity and ubiquity of disclosures over the [internet]").

Accordingly, the Court finds that Plaintiffs have a strong need for anonymity.

## II. Prejudice to Defendant and Public's Interest in Disclosure

The Court must now weigh the Plaintiffs' strong need for anonymity with any potential prejudice to Defendant and the public's interest in disclosure of Plaintiffs' names.

Defendant filed a notice of non-opposition to Plaintiffs' motion, ECF No. 43, which indicates that Defendant does not believe it will be prejudiced. Further, as Plaintiffs note, Defendant already knows Plaintiffs' identities, ECF No. 41 at 4, and thus Plaintiffs proceeding anonymously does not hinder Defendant's ability to litigate this case. *See SFBSC Mgmt.*, 77 F. Supp. 3d at 996 ("anonymity need not, and should not,

---

https://www.law360.com/articles/1881373/kratom-co-gets-claims-trimmed-in-addiction-false-ad-row; Mike Curley, *Kratom Buyers Say Sellers Hid Opioid-Like Addiction Risks*, LAW360 (Feb. 21, 2024, 1:06 PM), https://www.law360.com/articles/1804829/kratom-buyers-say-sellers-hid-opioid-like-addiction-risks. Other cases involving kratom's addictive and opioid-like qualities have similarly been of interest to the public. *See* Mason Lawlor, *Following Wrongful Death Award, New Lawsuit Alleges False Advertising of Kratom-Containing Drink*, LAW.COM (Sept. 22, 2023, 1:06 PM), https://www.law.com/therecorder/2023/09/22/following-wrongful-death-award-new-lawsuit-alleges-false-advertising-of-kratom-containing-drink/?slreturn=20241212141506.

impede either party's ability to develop its case"). Accordingly, Defendant will face little or no prejudice if Plaintiffs proceed under pseudonyms.

The public generally has an interest in the underlying nature of the action, namely, whether Defendant has failed to warn the public of its products' addictiveness. This interest will not necessarily be served by disclosure of Plaintiffs' names. In fact, if disclosure of Plaintiffs' names would disincentivize lawsuits of this nature for fear of embarrassment, the public's interest would potentially be harmed by disclosure. Accordingly, the public's interest is not harmed by Plaintiffs proceeding anonymously. *See Doe v. Law Offs. of Winn and Sims*, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021) (allowing plaintiff to redact his name from the record where "the public's interest in this case primarily centers around the underlying nature of the action, . . . not Plaintiff's identity").

Defendant will suffer no prejudice from Plaintiffs proceeding anonymously, nor will the public's interest be harmed by Plaintiffs proceeding anonymously. Accordingly, Plaintiffs' strong need for anonymity outweighs these considerations. The circumstances therefore justify Plaintiffs proceeding anonymously.

## CONCLUSION

For these reasons, Plaintiffs' motion to proceed under pseudonym is **GRANTED**.

**IT IS SO ORDERED.**

Dated: December 16, 2024

Hon. Gonzalo P. Curiel
United States District Judge