**LYNCH CARPENTER, LLP**
Todd D. Carpenter (State Bar No. 234464)
todd@lcllp.com
Scott G. Braden (State Bar No. 305051)
scott@lcllp.com
9171 Towne Centre Drive, Suite 180
San Diego, CA 92122
Telephone:   (619) 762-1910
Facsimile:    (858) 313-1850

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Luke Sironski-White (State Bar No. 348441)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
          lsironski@bursor.com

**OLIVIER & SCHREIBER PC**
Monique Olivier (SBN 190385)
monique@os-legal.com
Christian Schreiber (SBN 245597)
christian@os-legal.com
475 14th Street, Suite 250
Oakland, CA 94612
Telephone: (415) 484-0980

*Attorneys for Plaintiffs and*
*Proposed Class Counsel*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.J., C.D., C.B., and D.F., individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>  v.<br><br>ASHLYNN MARKETING GROUP, INC.,<br><br>     Defendant. | Case No. 3:24-cv-00311-GPC-MSB<br><br>**DECLARATION OF LUKE SIRONSKI-WHITE IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS UNDER RULE 37(E)**<br><br>Date:   April 24, 2026<br>Time:   1:30 pm<br>Judge:   Hon. Gonzalo P. Curiel<br>Crtrm:  12A (12th Flr) |

DECLARATION OF LUKE SIRONSKI-WHITE IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS UNDER RULE 37(E)    CASE NO. 3:24-CV-00311-GPC-MSB

I, Luke Sironski-White, declare as follows:

1.      I am an attorney at Bursor & Fisher, P.A., and am co-counsel for Plaintiffs in this action. I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently thereto.

2.      Beginning in or around April 2025, Plaintiffs sought discovery concerning Defendant's website and blog content, including blog posts addressing kratom and related topics, through written discovery requests.

3.      On or about May 9, 2025, and again on May 12–13, 2025, Plaintiffs' counsel met and conferred with Defendant's counsel regarding Defendant's failure to produce responsive blog and website content.  Plaintiffs' counsel stated they were attempting to locate the blogs through the back machine because Plaintiff C.D. stated he had relied on them in his purchase of Krave Kratom.  I specifically noted that the way back machine was "spotty" and could not locate the blog posts CD was referring to, in a May 13, 2025 email to Defendant's counsel.  Defendant's position was that such materials were not relevant and they would not produce them.  At this time, counsel for Defendant did not state the blog posts no longer existed.

4.      Plaintiffs' counsel also raised these issues during a court-supervised discovery conference with Magistrate Judge Berg in or around May 2025, during which Defendant again took the position that the blog content was not relevant. Judge Berg ordered Defendant to produce the posts.

5.      During subsequent meet-and-confer communications on June 3, 2025, June 10–13, 2025, and June 23, 2025, Defendant's counsel represented that the blog posts and related website content had been deleted in or around July 2023, and that Defendant possessed no copies of the deleted materials.

6.      Plaintiffs continued to challenge Defendant's position and sought clarification and curative relief during additional meet-and-confer efforts on July 1, 2025, July 27–28, 2025, and August 5–7, 2025, including requests for any backups, archives, third-party copies, or other recoverable versions of the deleted content.

7. Defendant consistently maintained during these meet-and-confer efforts that no copies of the deleted blog or website content existed and declined to provide any curative relief. Defendant even provided a declaration from Wes Saliman attesting to the deletion of the blog posts in July 2023.

8. Despite Plaintiffs' repeated meet-and-confer efforts over the course of several months, Defendant has continued to maintain that the destroyed website and blog materials cannot be produced and has refused to offer any curative measures, necessitating Plaintiffs' motion for sanctions under Rule 37(e).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 20, 2026, at San Diego, California.

**BURSOR & FISHER, P.A.**

Luke Sironski-White