UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.J., C.D., C.B., and D.F., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASHLYNN MARKETING GROUP, INC.,<br><br>Defendant. | Case No.: 3:24-cv-00311-GPC-MSB<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' AND DEFENDANT'S MOTIONS TO SEAL**<br><br>**[ECF Nos. 103, 109, 112]** |

This case concerns Defendant's alleged failure to warn consumers of the purportedly addictive nature of kratom when marketing and labeling its kratom-based products. Currently pending before the Court are both Plaintiffs' and Defendant's motions to file documents under seal. ECF Nos. 103, 109, & 112. For the reasons set forth below, the motions are DENIED without prejudice.

## BACKGROUND

The factual background of this case has been outlined by this Court in previous orders. *See* ECF No. 77. Thus, the Court will address only those facts relevant to the motions now before it.

3:24-cv-00311-GPC-MSB

On March 7, 2025, Plaintiffs J.J., C.D., C.B., and D.F. filed their Consolidated Class Action Complaint (CCAC), individually and on behalf of three putative classes, alleging that Defendant failed to warn consumers of the potentially addictive nature of its products, which contain dried leaves from a plant called kratom. ECF No. 50. Specifically, Plaintiffs allege that Defendant misled consumers by espousing the purported health benefits of kratom without disclosing kratom's addictive properties on its product labels or in its advertising. *Id.* at 8, 16.

Before Plaintiffs filed the operative complaint, on April 18, 2024, the parties filed a joint motion for entry of a stipulated protective order. ECF No. 13. The joint stipulation noted that this case is likely to involve confidential or sensitive information, and provided that either party may designate any materials as confidential. ECF No. 13-1, at 4-5. The stipulation goes on to mandate that, should either party file a document designated as confidential with the Court, the party must seek permission from the Court to file the material under seal. *Id.* at 9.

On April 26, 2024, United States Magistrate Judge Michael S. Berg granted the joint motion for entry of stipulated protective order. ECF No. 14.

Plaintiffs have now moved for class certification. ECF No. 105. In support of their motion, Plaintiffs have sought to file several documents designated by Defendant as confidential pursuant to the protective order. Thus, Plaintiffs have moved to file documents under seal. ECF No. 103.

In opposing Plaintiffs' motion for class certification, ECF No. 111, Defendant has also sought to file information designated as confidential pursuant to the protective order. Defendant has moved to file those documents under seal. ECF No. 109.

Lastly, Plaintiffs have moved for sanctions. ECF No. 114. To abide by the protective order, Plaintiffs have again filed an accompanying motion to file documents under seal. ECF No. 112.

**LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 n.7 (1978)). Thus, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point.'" *Id.* (citing *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Courts in the Ninth Circuit have generally held that the "compelling reasons" standard applies to motions to seal documents relating to class certification. *See Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases). Thus, a party seeking to seal a judicial record in relation to a motion for class certification must "articulate[] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and public policies favoring disclosure." *Kamakana,* 447 F. 3d at 1178-79 (internal quotation marks and citation omitted). Generally, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. Even so, "'[a]ny order sealing documents should be narrowly tailored' to serve those compelling reasons." *Doe v. L. Offs. of Winn & Sims*, No. 06-CV-00599-H-AJB, 2021 WL 9917688, at *1 (S.D. Cal. June 21, 2021), as modified (June 29, 2021) (quoting *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)).

"Filings that are only tangentially related to the merits [of a case] may be sealed upon a lesser showing of 'good cause.'" *Adtrader, Inc.*, 2020 WL 6391210, at *2 (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016)). More

3

specifically, "a 'particularized showing' . . . under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'" *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F. 3d at 1135, 1138). "Good cause exists where the party seeking protection shows that specific prejudice or harm will result if no protective order is granted." *Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015) (citing *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). A party asserting good cause must offer more than "broad allegations of harm that are unsubstantiated by specific examples or articulated reasoning." *Id.*

Under both the good cause and compelling reasons standards, the presumption of access is not rebutted where documents are the subject of a blanket protective order, and parties must still meet the relevant standard for each piece of information they seek to file under seal. *Kamakana*, 447 F. 3d at 1179-80 ("The compelling reasons standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order.") (internal quotation marks omitted); *Foltz*, 331 F. 3d at 1133 ("a party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document.").

## DISCUSSION

The sealing motions before the Court address three sets of documents: (1) exhibits supporting Plaintiffs' motion for class certification; (2) Defendant's opposition to class certification and supporting exhibits; and (3) exhibits supporting Plaintiffs' motion for sanctions. The Court addresses each in turn.

### I.    Plaintiffs' Motion to Seal – Motion for Class Certification

In moving to seal various documents—or portions thereof—in support of their motion for class certification, Plaintiffs note that each piece of information they seek to seal

has been designated as confidential by Defendant. ECF No. 103, at 2-3. Further, Plaintiffs state that they "take no position with regard to whether these documents have been properly designated," ECF No. 103, at 4, and ask to seal the documents only "to comply with their obligations pursuant to the Protective Order in this matter," ECF No. 103-1, at 2. Thus, Plaintiffs do not present any reasons to seal particular information beyond noting that a document (1) was designated by Defendant as confidential or (2) relies on or refers to information designated by Defendant as confidential. *See* ECF No. 103-1, at 3

"Generally, a party seeking to seal judicial records bears the burden to demonstrate 'compelling reasons' to deny the public access to public records." *Baldwin v. United States*, 732 F. Supp. 2d 1142, 1143 (D. N. Mar. I. 2010) (quoting *Kamakana*, 447 F. 3d at 1178). Here, while Plaintiffs are the party seeking to seal the records, Defendant is the party aiming to keep the information confidential. Accordingly, the Court finds that the burden is on Defendant to demonstrate compelling reasons for each document or piece of information they seek to seal.

Defendant's counsel has filed a declaration in support of Plaintiffs' motion to seal, wherein he asserts that "there are compelling reasons to seal the testimony and documents identified in Plaintiffs' motion." ECF No. 108, at 2. However, the Court finds that Defendant's conclusory explanations regarding why a piece of information should be sealed—for example, "the [testimony] identif[ies] Defendant's suppliers," ECF No. 108, at 2—do not sufficiently "articulate[] compelling reasons supported by factual findings" to seal the materials. *Kamakana*, 447 F. 3d at 1178.

When a party seeks to seal records to protect its own business interest, "information may be sealed from the public only if it is truly confidential, not generally known, and its disclosure would likely cause [the party] competitive harm." *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 587 (N.D. Cal. 2020). Defendant does not specify how publication of most of the information identified in Plaintiffs' motion to seal—which includes such

3:24-cv-00311-GPC-MSB

vague testimony as a witness' opinion that Defendant could, if needed, add up units sold over a given period—would cause Defendant competitive harm. In addition, the declaration does not, with two exceptions, address the filings on a line-by-line basis. *See Kommenhock*, 334 F.R.D. at 587.

Further, to the extent Defendant argues that publication of the information will harm Defendant's business interests, Defendant's counsel lacks the required personal knowledge of such business interests for his declaration to constitute factual evidence supporting a compelling reason. *See Mendell v. Am. Med. Response, Inc.,* No. 19-CV-01227-BAS-KSC, 2021 WL 398486, at *2 (S.D. Cal. Feb. 3, 2021) ("[D]eclarations by counsel who lacks personal knowledge of or the foundation for the alleged harm from disclosure—for example, harm to the business interests of [defendant]—cannot constitute factual evidence that supports a 'compelling reason'"); *Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17-CV-555-L-NLS, 2018 WL 6601671, at *2 (S.D. Cal. Dec. 14, 2018) (finding that the declaration by counsel was not enough to meet the "compelling reasons" standard because counsel lacked personal knowledge of or foundation for the assertions that the information at issue might harm the defendant company's competitive standing); *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, No. CV-11-01539-MMM-JEMX, 2013 WL 12244287, at *3 (C.D. Cal. May 14, 2013) (assigning "no weight" to the conclusory declaration by plaintiff's counsel that disclosure of the information at issue could harm the plaintiff's business where the plaintiff did not demonstrate that counsel had personal knowledge about the harm asserted).

Lastly, the parties ask to seal most of the documents in their entirety rather than via partial redactions. *See* ECF No. 103, at 2-3. This includes over three hundred pages of expert reports produced by Plaintiffs. *See* ECF Nos. 104-1, 104-2, & 104-3. Defendant also seeks to seal entire exhibits because, for example, they "include cell phone numbers." ECF No. 108, at 3. "Even where a document contains some information appropriate for sealing,

a party may not seal the entire document and must narrowly tailor that party's request by only redacting the information appropriate for sealing." *Ameranth, Inc. v. Chownow, Inc.*, No. 20-CV-02167-BEN-BLM, 2021 WL 3678415, at *7 (S.D. Cal. Aug. 18, 2021). Where a party does seek to seal an entire document, "it must show that the possibility of prejudice or harm would not be defeated by redacting only the sensitive portions of said document." *Matthew v. United States*, No. 3:25-CV-01664-JES-JLB, 2025 WL 1811828, at *1 (S.D. Cal. July 1, 2025) (citing *In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011)). Defendant's requests to seal are poorly explained and facially overbroad. "These sorts of overbroad requests to seal will not be granted." *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 587 (N.D. Cal. 2020). Accordingly, the Court rules on Plaintiffs' first motion to seal, ECF No. 103, as follows:

| PLAINITFFS' MOTION TO SEAL – MOTION FOR CLASS CERTIFICATION | | | |
|---|---|---|---|
| **Record** | **Record Description and Portion of Record to be Sealed** | **Alleged reason to seal** | **Court's Ruling** |
| Exhibit 1 to the Declaration of Neal J. Deckant in Support of Plaintiff's Motion for Class Certification ("NJD Declaration") – Excerpts from Wasem Saliman deposition | 57:8-10 58:1-2; 58:5 286:22-287:8 299:5-15 | "The redacted portions of Exhibit 1 at 57:8-10, 58:1-2, and 58:5 identify Defendant's suppliers. The redacted portions of Exhibit 1 at 286:22-287:8 discuss proprietary marketing/search engine optimization strategy and methods. The redacted portions of Exhibit 1 at 299:4-15 explain Defendant's pricing structure." ECF No. 108, at 2. | DENIED as to 57:8-10 58:1-2; 58:5. Defendant has provided no particularized factual showing to justify sealing the name of its supplier. In fact, courts have rejected similar attempts to file supplier names under seal. *See, e.g., HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334JLR, 2023 WL 8433121, at *3 (W.D. Wash. Dec. 5, 2023); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, No. 17-CV-00564 NC, 2018 |

3:24-cv-00311-GPC-MSB

| | | | |
|---|---|---|---|
| ECF 104, at 6 – 34 | | | WL 10472795, at *1 (N.D. Cal. Apr. 23, 2018).<br><br>DENIED as to 286:22-287:8. The testimony does not reveal proprietary marketing information. It only states that Defendant could, if needed, add up all units sold over a given period.<br><br>DENIED as to 299:5-15. The testimony only stands for the general proposition that Defendant's item prices are consistent on its website and across states. It is unclear how this information—discussed using hypothetical prices—would harm Defendant's market position, and Defendant does not provide a factual basis for such a finding. |
| NJD Decl. Exhibit 2 – Excel table depicting top line sales, profit margin, total units sold and average unit price for Defendant from 2023-2024, broken | Entire Document | Sales information is "broken down in such detail that it could undermine Defendant's position if made public." ECF No. 108, at 3. | DENIED.<br><br>While the pricing, sales, and revenue information contained in the document may be "detailed enough to constitute the kind of sales data that could undermine [Defendant's] market position if made public," *Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, 2016 |

8

| | | | |
|---|---|---|---|
| down by California, Florida, New York, Texas, and Washington<br><br>ECF No. 104, at 35 – 36 | | | WL 5464549, *2 (S.D. Cal. Sept. 28, 2016), Defendant has offered no supporting evidence from a declarant with personal knowledge of Defendant's business interests that publication of such information would cause Defendant competitive harm. |
| NJD Decl. Exhibit 4 – Excerpts from Wasem Saliman deposition<br><br>ECF No. 104, at 40 – 62 | 121:8<br>203:1-11<br>204:1-5 | "The redacted portion of Exhibit 4 at 121:8 identifies Defendant's supplier. The redacted portions of Exhibit 4 at 203:1-11 and 204:1-5 identifies internal shipping review practices and documentation handling. The redacted portions are narrowly tailored to protect only sensitive information." ECF No. 108, at 3. | DENIED as to 121:8 for reasons articulated above regarding Defendant's supplier.<br><br>DENIED as to 203:1-11 and 204:1-5. The testimony reveals only that Defendant's suppliers ship to Defendant domestically rather than internationally. This is not sufficiently detailed to harm Defendant's competitive standing, and Defendant has not articulated what harm might result from disclosure. |
| NJD Decl. Exhibit 5 – E-mail produced in discovery designated as confidential by Defendant | Entire Document | The document was identified as "CONFIDENTIAL" and the "email includes confidential pricing information." ECF No. 108, at 3. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted.<br><br>If Defendant provides evidence from a party with personal knowledge of |

| | | | Defendant's business interests that publication of the pricing information included in the document may harm Defendant's market position, then Defendant may redact specific account numbers, quantities, and dollar amounts. However, it may not redact non-confidential materials. *See HDT Bio Corp. v. Emcure Pharms., Ltd.*, 2023 WL 8433121, at *3. |
|---|---|---|---|
| ECF No. 104, at 63 – 64 | | | |
| NJD Decl. Exhibit 6 – Copy of bills of lading<br><br>ECF No. 104, at 65 – 68 | Entire Document | "The information identifies Defendant's supplier" ECF No. 108, at 3. | DENIED as overly broad.<br><br>Defendant seeks to seal the document only because the document identifies Defendant's supplier. The Court has already found that Defendant has not presented a compelling reason for sealing such information. If Defendant does provide such a reason, it would not justify sealing this document in its entirety. |
| NJD Decl. Exhibit 8 – WhatsApp message thread and images produced in discovery and designated as confidential by Defendant | Entire Document | The documents were identified as "CONFIDENTIAL" and "include cell phone numbers for non-parties to the action and proprietary information." ECF No. 108, at 3. | DENIED as to the document as a whole. While Defendant vaguely alleges that the document contains "proprietary information," Defendant provides no additional detail, and it is not at all clear to the Court what proprietary information is contained |

10

| | | | |
|---|---|---|---|
| ECF No. 104, at 101 – 104 | | | within the document nor what harm its publication might cause.<br><br>Conversely, there are compelling reasons to seal the personal contact information contained in the document, and such information should be redacted. *See Clark v. InComm Fin. Servs., Inc.*, No. ED-CV-22-1839-JGB-SHKX, 2024 WL 1699346, at *3 (C.D. Cal. Apr. 9, 2024). |
| Dr. Lynn Matthews Expert Report<br><br>ECF No. 104-2 | Entire Document | "The results generated by the report are based on Plaintiffs' proposed warning label (which does not exist on Defendant's products). The report, therefore, is based on Plaintiffs' litigation strategy and the results may be used by competitors to harm Defendant." ECF No. 108, at 3-4. | DENIED as overly broad.<br><br>The Parties seek to seal a 313-page expert report because it discusses a study wherein participants were shown kratom products with a warning label. The request is overbroad, and the parties have made no good faith effort to limit the information subject to seal. Additionally, the Court notes that the results of the study are included in Plaintiffs' unsealed motion for class certification, ECF No. 105, at 17. |
| Dr. Daniel Overbeek Expert Report<br><br>ECF No. 104-3 | Entire Document | "[R]efers, describes and/or relies on documents and information that Plaintiffs designated as | DENIED as overly broad.<br><br>"Courts throughout the Ninth Circuit have recognized that the need to |

11

| | | 'Confidential,' namely discussion of the named Plaintiffs' medical histories and their discovery responses, and 'screenshots' of webpages . . . purportedly from 'Krave Botanicals Website' [that are] not publicly available. There are compelling reasons to seal the report because it is based upon Plaintiffs' discovery responses (which they have designated as 'Confidential') and non-publicly available screenshots." ECF No. 108, at 4. | protect medical privacy generally qualifies as a compelling reason to seal records." *Salgado v. Iqvia, Inc.*, No. 18-CV-2785-BAS-WVG, 2020 WL 1322949, at *2 (S.D. Cal. Mar. 20, 2020) (collecting cases). However, while Plaintiffs may be able to identify specific medical information to be sealed, this is not a basis to seal the expert report in its entirety. |
| Dr. William Ingersol Expert Report<br><br>ECF No. 104-1 | Entire Document | "[R]efers to, describes, and relies on documents and information that Defendant designated as 'Confidential' pursuant to the Protective Order [including] (1) pages 286-287 of the Declaration of Wasem Saliman . . . a portion of which is the subject of Plaintiffs' motion to seal, . . . (2) excel spreadsheets . . . which identify Defendant's profit margin by year, then by state and year . . . as well as | DENIED as overly broad. |

3:24-cv-00311-GPC-MSB

| | | number of products sold by year, and (3) . . . aggregated sales numbers by city . . . which is information broken down in sufficient detail that such information would not be publicly available." ECF No. 108, at 4. | |
|---|---|---|---|

## II.  Defendant's Motion to Seal – Opposition to Class Certification

Defendant, in relation to its opposition to Plaintiffs' motion for class certification, has also sought to file certain documents or excerpts thereof under seal. ECF No. 109. Because the documents are in relation to a motion for class certification, the compelling reasons standard continues to apply. *Adtrader, Inc.*, 2020 WL 6391210, at *2.

In Defendant's motion, it is not always clear which party has designated certain information as confidential. For example, Defendant notes that the declaration of Dr. Kristen Smith "relies on and contains references to information produced by Plaintiffs and designated as 'Confidential,'" and "[b]ecause Dr. Smith's declaration refers to and quotes materials from the expert reports filed by Plaintiffs, Defendant agrees that Dr. Smith's declaration should be sealed." ECF No. 109-1, at 2. However, Plaintiffs previously noted that Defendant, not Plaintiffs, designated Plaintiffs' expert reports as confidential. ECF No. 103, at 3.

Defendant is clear that some redactions—specifically, redactions in Plaintiffs' deposition transcripts—are proposed solely due to Plaintiff's designation of the information as confidential, and that Defendant "takes no position regarding whether . . . [the] information [has] been properly designated." ECF No. 109, at 5. Despite allegedly being the party hoping to maintain portions of Plaintiffs' transcripts confidential, Plaintiffs have not provided a declaration in support of Defendant's motion. Thus, the only evidence and

13

reasoning in support of Defendant's motion to seal is in a declaration provided by Defendant's counsel. ECF No. 109, at 2-3; ECF No. 109-1.

As with the declaration in support of Plaintiffs' motion to seal, Defendant's declaration largely fails to articulate compelling reasons supported by factual findings to warrant sealing each particular document or piece of information. Specifically, Defendant fails to demonstrate concrete "prejudice or harm flowing from the disclosure of [each] specific document." *Al Otro Lado, Inc. v. McAleenan*, No. 17-CV-02366-BAS-KSC, 2019 WL 6220898, at *3 (S.D. Cal. Nov. 21, 2019) (citing *Unknown Parties v. Johnson*, No. CV-15-00250-TUC-DCB, 2016 WL 8199309, at *4 (D. Ariz. June 27, 2016)).

Further, Defendant's requests—as with Plaintiffs'—largely seek to seal documents in their entirety rather than through carefully considered, line-by-line redactions. A party should not seal an entire document when narrowly tailored redactions may serve the purpose of ameliorating harm or prejudice. *See Ameranth, Inc.*, 2021 WL 3678415, at *7; *Matthew*, 2025 WL 1811828. Accordingly, the Court rules on Defendant's motion to seal, ECF No. 109, as follows:

| DEFENDANT'S MOTION TO SEAL – OPPOSITION TO CLASS CERTIFICATION | | | |
|---|---|---|---|
| **Record** | **Record Description and Portion of Record to be Sealed** | **Alleged reason to seal** | **Court's Ruling** |
| Declaration of Dr. Kirsten Smith<br><br>ECF No. 110-5 | Entire Document | "[R]elies on and contains references to information produced by Plaintiffs and designated as 'Confidential' pursuant to the Protective Order. Because Dr. Smith's declaration refers to and | DENIED as overly broad. |

14

| | | | |
|---|---|---|---|
| | | quotes materials from the expert reports filed by Plaintiffs, Defendant agrees that Dr. Smith's declaration should be sealed." ECF No. 109-1, at 2. | |
| Declaration of Rob Wallace ECF No. 110-6 | Entire Document | "[R]elies on and contains references to information produced by Defendant and designated as 'Confidential' pursuant to the Protective Order. Although Defendant's product labeling is publicly available, a comprehensive survey of consumers' understanding of Defendant's labels is not publicly available. The information contained in Mr. Wallace's report has the potential to be misused by competitors." ECF No. 109-1, at 2–3. | DENIED as overly broad. |
| Declaration of Dr. Eric Forister ECF No. 110-4 | Entire Document | "Dr. Forister's report references and relies upon documents (and references reports that rely upon documents) that constitute Defendant's marketing and business practices and confidential pricing information, which | DENIED as overly broad. |

15

| | | | |
|---|---|---|---|
| | | information is broken down into sufficient detail that such information would not be publicly available." ECF No. 109-1, at 3. | |
| Declaration of Dr. Edward Boyer ECF No. 110-3 | Entire Document | The declaration "contains references to expert report of Dr. Andrea Matthews." ECF No. 109-1, at 3. | DENIED as overly broad. |
| Exhibit A to Declaration of Andrew P. Young in Support of Defendant's Opposition to Plaintiffs' Motion for Class Certification ("APY Decl.") – Excerpts of deposition of Plaintiff C.B. ECF No. 110-1, at 5 – 41 | 64:9-25, 79:9-15, 80:1-25, 81:1-21, 82:20-25, 83:1-88:21, 90:1-11, 114:2-115:25, 155:1-8, 160:9-162:8, 201:1-25 | "Plaintiffs have designated limited portions of [the testimony] as 'Confidential' pursuant to the Protective Order." ECF No. 109-1, at 4. | DENIED as overly broad. As an initial matter, Plaintiff has failed to provide any compelling reason for sealing the information, and Defendant's only asserted reason for sealing is that Plaintiff has designated the information as confidential. Further, portions of the health information discussed in the transcript are also contained in Plaintiffs' unsealed amended class action complaint. ECF No. 50. Lastly, the proposed redactions include entire pages of transcript, including conversation amongst counsel. Such content is not properly subject to seal. *See Al Otro Lado, Inc. v. Wolf*, No. 317CV02366BASKSC, |

3:24-cv-00311-GPC-MSB

| | | | |
|---|---|---|---|
| | | | 2020 WL 4336064, at *6 (S.D. Cal. July 27, 2020). |
| Exhibit D to APY Decl. – Excerpts of Declaration with Plaintiff D.F<br><br>ECF No. 110-1, at 76 – 94 | 43:11-46:18, 69:1-25 | "Plaintiffs have designated limited portions of [the testimony] as 'Confidential' pursuant to the Protective Order." ECF No. 109-1, at 4. | DENIED as overly broad for the same reasons outlined above. |
| Exhibit E to APY Decl. – Excerpts of Deposition of Dr. William Robert Ingersoll.<br><br>ECF No. 110-1, at 95 – 102 | Entire Document | "Since Plaintiffs' expert reports were designated as confidential in their entirety, Plaintiffs indicated that the expert testimony should also be designated as confidential in its entirety. Defendant agrees that the deposition testimony of Dr. Ingersoll should be sealed, as the testimony relies on and refers to confidential pricing information produced by Defendant, which is broken down into sufficient detail that it is not publicly available." ECF No. 109-1, at 4. | DENIED as overly broad |
| Exhibit F to APY Decl. – Excerpts of Deposition of Dr. Daniel Overbeek | Entire Document | "Since Plaintiffs' expert reports were designated as confidential in their entirety, Plaintiffs indicated that the expert testimony should also | DENIED as overly broad |

17

| | | | |
|---|---|---|---|
| ECF No. 110-1, at 103 – 114 | | be designated as confidential in its entirety. Defendant agrees that the deposition testimony of Dr. Overbeek should be sealed, as the testimony relies on Plaintiffs' discovery responses and discusses Plaintiffs' medical history." ECF No. 109-1, at 4. | |
| Exhibit G to APY Decl. – Excerpts of Deposition of Dr. Andrea Matthews<br><br>ECF No. 110-1, at 115 – 124 | Entire Document | "Since Plaintiffs' expert reports were designated as confidential in their entirety, Plaintiffs indicated that the expert testimony should also be designated as confidential in its entirety. Defendant agrees that the deposition testimony of Dr. Matthews should be sealed." ECF No. 109-1, at 5. | DENIED as overly broad |
| Defendant's Memorandum of Points and Authorities in Support of Opposition<br><br>ECF No. 110 (unredacted); ECF No. 11 (redacted) | 15:13-15, 15:28, 16:20-24, 16:28, 17:10-12, 17:1314, 17:24-28, 24:16-19, 24:25-28, 30:21-22 | "Because Defendant's Opposition quotes deposition testimony that has been marked as 'Confidential,' Defendant redacted that quoted testimony in its Memorandum of Points and Authorities filed in support of its Opposition." ECF No. 109-1, at 5. | DENIED. For reasons articulated in this order, many of the materials referenced in Defendant's memorandum of points and authorities in support of its opposition are not properly subject to seal. Once the scope of the proposed seal has been narrowed, Defendant should adjust the redactions in its memorandum accordingly. |

3:24-cv-00311-GPC-MSB

| Declaration of Wasem Saliman ECF No. 110-2 | Entire Document | "Defendant designated the declaration of Wasem Saliman, Defendant's Chief Executive Officer, as 'Confidential' because it refers to trade secret and proprietary information with respect to Defendant's labelling." | DENIED as overly broad |
|---|---|---|---|

### III.    Plaintiffs' Motion to Seal – Motion for Sanctions

Lastly, Plaintiffs have sought to redact exhibits to their motion for sanctions. Specifically, Plaintiff seeks to seal portions of Wasem Saliman's deposition transcript. ECF No. 113. Plaintiffs again note that the information they seek to seal has been designated as confidential by Defendant and that Plaintiffs "take no position on whether Defendant's confidentiality designations are substantively justified . . . To the extent any further showing is required, Defendant bears the burden of establishing good cause of compelling reasons for maintaining the seal." ECF No. 112, at 2-3.

Because the excerpts are in support of Plaintiffs' motion for sanctions, the motion to seal is not subject to the compelling reasons standard previously analyzed. Instead, "a 'particularized showing' . . . under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'" *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F. 3d at 1135, 1138).

However, even under the good cause standard, parties must show more than the mere fact that information is subject to a protective order. *See Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015). The protective order entered in this case was the product of a stipulation. *See* ECF No. 14. While Magistrate Judge Berg found the stipulated order was supported by good cause, he did not make "an individualized determination as to specific documents." *Kamakana*, 447 F.3d at 1183. Thus, this is not the "kind of protective order[]

19

3:24-cv-00311-GPC-MSB

. . . that can automatically supply the good cause required to seal the documents [it] cover[s]." *BT Collective v. IP Holdings, LLC*, No. 11-CV-0021-LAB-WVG, 2011 WL 5873388, at *5 (S.D. Cal. Nov. 23, 2011); *see also Foltz*, 331 F. 3d at 1133 ("a party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document."). Instead, "[g]ood cause exists where the party seeking protection shows that specific prejudice or harm will result" if the request to seal is denied." *Anderson*, 312 F.R.D. at 594.

Here, neither party—Plaintiffs, who have moved to seal, nor Defendant, who has designated the information as confidential—has made a particularized showing of good cause such that specific prejudice or harm will result if the request for seal is denied. Reviewing the redacted information in the transcript, it is not evident to the Court how publication of the redacted information would cause any party harm or prejudice. Thus, Plaintiffs' second motion to seal, ECF No. 112, is DENIED.

### IV.    Counsel Must Provide the Court with Narrower Proposed Redactions

All denials in this order are without prejudice. Within twenty (20) days of this order, the parties shall meet and confer and, subsequently, file a singular chart identifying by document name, sealed document number, and page and line/paragraph number the precise information they maintain should remain under seal. The chart shall also include citations to a declaration from a source with the required personal knowledge attesting as to the compelling reason why sealing is necessary. *See*, *e.g.*, *Krommenhock*, 334 F.R.D. at 587; *Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 398486, at 3 (S.D. Cal. Feb. 3, 2021).

The filings now conditionally under seal will remain conditionally under seal until the Court's final ruling on sealing after reviewing the chart and declarations. At that

3:24-cv-00311-GPC-MSB

juncture, the parties will be directed to file redacted documents that redact only the information the Court has determined may remain under seal.

**CONCLUSION**

For the foregoing reasons, it is HEREBY ORDERED:

- Plaintiffs' motion to file documents under seal in connection with their motion for class certification, ECF No. 103, is DENIED WITHOUT PREJUDICE.

- Defendant's motion to file documents under seal in connection with its opposition to Plaintiffs' motion for class certification, ECF No. 109, is DENIED WITHOUT PREJUDICE.

- Plaintiffs' motion to file documents under seal in connection with their motion for sanctions, ECF No. 112, is DENIED WITHOUT PREJUDICE.

The parties are ORDERED to meet and confer and file with the Court, within twenty (20) days of this Order, a chart identifying narrower redactions and sealing requests.

IT IS SO ORDERED.

Dated:  March 13, 2026

Hon. Gonzalo P. Curiel
United States District Judge

3:24-cv-00311-GPC-MSB