**BURSOR & FISHER, P.A.**
Neal J. Deckant (SBN 322946)
Luke Sironski-White (SBN 348441)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
            lsironski@bursor.com

**OLIVIER & SCHREIBER LLP**
Monique Olivier (SBN 190385)
monique@os-legal.com
Christian Schreiber (SBN 245597)
christian@os-legal.com
475 14th Street, Suite 250
Oakland, CA 94612
Telephone: (415) 484-0980

*Attorneys for Plaintiffs*

**LYNCH CARPENTER, LLP**
Todd D. Carpenter (SBN 234464)
todd@lcllp.com
Scott G. Braden (SBN 305051)
scott@lcllp.com
Alexandra Stasio (SBN 358410)
alexandras@lcllp.com
1234 Camino del Mar
Del Mar, CA 92014
Tel:   (619) 762-1910
Fax:   (858) 313-1850

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.J., C.D., C.B., and D.F., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ASHLYNN MARKETING GROUP, INC.,<br><br>Defendant. | Case No. 3:24-cv-00311-GPC-MSB<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:   April 24, 2026<br>Time:   1:30 p.m.<br>Courtroom:   12A<br><br>Judge:   Hon. Gonzalo P. Curiel |

**TABLE OF CONTENTS**

**PAGE(S)**

I.      INTRODUCTION ................................................................................................ 1

II.     RULE 23(A) IS SATISFIED ............................................................................. 1

        A.      The Proposed Class Definitions Are Ascertainable................................ 1

        B.      The Named Plaintiffs Are Typical And Adequate
                Representatives ...................................................................................... 2

III.    COMMON QUESTIONS PREDOMINATE ..................................................... 4

        A.      Defendant's Scientific Disputes And Consumer Motivation
                Arguments Raise Merits Issues, Not Certification Defects .................... 4

        B.      Defendant's Experts' Critiques Do Not Undermine
                Plaintiffs' Common-Proof Framework .................................................. 5

        C.      State-Law Variation Does Not Defeat Predominance Or
                Manageability........................................................................................ 6

        D.      Reliance Is Established Through Classwide Proof In
                Omission Cases ...................................................................................... 7

IV.     DEFENDANT'S FDA AND PREEMPTION ARGUMENTS DO
        NOT DEFEAT CERTIFICATION ................................................................... 8

V.      DEFENDANT'S DAMAGES ARGUMENTS DO NOT BAR
        CERTIFICATION ........................................................................................... 9

        A.      Plaintiffs Present A Classwide Damages Methodology
                Consistent With Their Liability Theory.................................................. 9

        B.      Deprivation Of Informed Choice Is A Classwide Injury........................ 9

VI.     CONCLUSION ............................................................................................... 10

CASE NO. 3:24-CV-00311-GPC-MSB

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Affiliated Ute Citizens of Utah v. United States*,
  406 U.S. 128 (1972) ........................................................................................7

*American Title Ins. Co. v. Lacelaw Corp.*,
  861 F.2d 224 (9th Cir. 1988) ........................................................................10

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
  568 U.S. 455 (2013) ........................................................................................6

*Clark v. Baxter Healthcare Corp.*,
  83 Cal. App. 4th 1048 (2000) .........................................................................3

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013) .....................................................................................9, 10

*Connick v. Suzuki Motor Co., Ltd.*,
  675 N.E.2d 584 (Ill. 1996) .............................................................................7

*Corbett v. PharmaCare U.S., Inc.*,
  No. 21-cv-137, 2024 WL 1356220 (S.D. Cal. Mar. 29, 2024) .....................6

*Crown, Cork & Seal Co. v. Parker*,
  462 U.S. 345 (1983) ........................................................................................3

*Dachauer v. NBTY, Inc.*,
  913 F.3d 844 (9th Cir. 2019) ..........................................................................8

*Fox v. Ethicon Endo-Surgery, Inc.*,
  35 Cal. 4th 797 (2005) ....................................................................................3

*In re ConAgra Foods, Inc.*,
  90 F. Supp. 3d 919, 1035–36 (C.D. Cal. 2015) .............................................7

*In re Hyundai & Kia Fuel Econ. Litig.*,
  926 F.3d 539 (9th Cir. 2019) ..........................................................................7

*In re JUUL Labs, Inc.*,
  609 F. Supp. 3d 942 (N.D. Cal. 2022) ....................................................2, 3, 5

ii

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009)......................................................................................7

*Jeruchim v. J.M. Smucker Co.*,
   No. 22-cv-06913-WHO, 2026 WL 178565 (N.D. Cal. Jan. 22, 2026).....................2

*Just Film, Inc. v. Buono*,
   847 F.3d 1108 (9th Cir. 2017)..............................................................................3

*Keegan v. Am. Honda Motor Co.*,
   284 F.R.D. 504 (C.D. Cal. 2012) ..........................................................................7

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011)....................................................................................8, 9

*Lytle v. Nutramax Labs., Inc.*,
   114 F.4th 1011 (9th Cir. 2024)..........................................................................4, 7

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012)................................................................................7

*Merck Sharp & Dohme Corp. v. Albrecht*,
   587 U.S. 299 (2019) ...........................................................................................9

*Montera v. Premier Nutrition Corp.*,
   111 F.4th 1018 (9th Cir. 2024).............................................................................9

*Noohi v. Johnson & Johnson Consumer Inc.*,
   146 F.4th 854 (9th Cir. 2025)...............................................................................5

*Norgart v. Upjohn Co.*,
   21 Cal. 4th 383 (1999)........................................................................................3

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
   31 F.4th 651 (9th Cir. 2022).................................................................................8

*Pulaski & Middleman, LLC v. Google, Inc.*,
   802 F.3d 979 (9th Cir. 2015)................................................................................9

*Rutledge v. Hewlett-Packard Co.*,
   238 Cal. App. 4th 1164 (2015)..............................................................................7

*Sali v. Corona Reg'l Med. Ctr.*,
   909 F.3d 996 (9th Cir. 2018)................................................................................6

iii

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003)................................................................................2

*Stearns v. Ticketmaster Corp.*,
  655 F.3d 1013 (9th Cir. 2011)..............................................................................7

*Steroid Hormone Prod. Cases*,
  181 Cal. App. 4th 145 (2010)...............................................................................7

*Torres v. Mercer Canyons, Inc.*,
  835 F.3d 1125 (9th Cir. 2016).............................................................................4, 8

*Vaquero v. Ashley Furniture*,
  824 F.3d 1150 (9th Cir. 2016)...............................................................................4

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008).................................................................................4

*Wolin v. Jaguar Land Rover N. Am., LLC*,
  617 F.3d 1168 (9th Cir. 2010)...............................................................................4

*Wyeth v. Levine*,
  555 U.S. 555 (2009) ...........................................................................................9

iv

## I. INTRODUCTION

This is a straightforward omissions case. Defendant sold kratom products throughout the class period without disclosing that those products carry risks of physical dependence, tolerance, and withdrawal. Yet in its Opposition (ECF No. 111, the "Opp."), Defendant attempts to convert the Rule 23 inquiry into a trial on whether kratom is "addictive," whether consumers "benefit" from its use, and whether Plaintiffs' proposed disclosure is pharmacologically precise. None of that is the question before this Court. The sole question is whether Plaintiffs' liability theory—a uniform, centrally directed omission of material risk information—can be proven with common evidence. It can.

Remarkably, Defendant's own addiction science expert, Dr. Kirsten Smith, conceded at deposition that kratom labels should disclose the risk of tolerance and withdrawal—the precise omission Plaintiffs challenge. Exhibit 1 to the Declaration of Neal J. Deckant in Support of Plaintiffs' Reply Brief ("Deckant Decl."), Transcript of the Deposition of Kirsten Smith, Ph.D. 69:3–6 ("[T]olerance and withdrawal potential upon regular use is something that could be put on a label."); *id.* at 78:1–3; id. at 87:12–18. Her only dispute is over terminology—whether to call it "addiction" or "physical dependence." *Id.* 107:5–11. That is a common merits question, not an individualized one.

Yet none of Defendant's four experts addresses the central, legally relevant question: whether the omission was material to a reasonable consumer at the point of sale. Instead, they focus on pharmacological distinctions, consumer motivations, and hypothetical label language—none of which bear on Rule 23. The labels either disclosed the risk of addiction and withdrawal or they did not, and that answer does not vary by consumer. Certification is plainly appropriate.

## II. RULE 23(A) IS SATISFIED

### A. The Proposed Class Definitions Are Ascertainable

Defendant contends that Plaintiffs failed to provide adequate class definitions.

1

Opp. at 14. The operative Complaint defines the California and New York statutory classes, and Plaintiffs' Motion seeks certification of those classes along with a three-state fraud-by-omission class (California, New York, Illinois) consistent with this Court's July 1, 2025 Order. ECF No. 77 at 35; *see* ECF No. 105 at 2. The class definitions are set forth in the Motion, and restated in the accompanying Exhibit 8 to the Deckant Declaration.

### B.    The Named Plaintiffs Are Typical And Adequate Representatives

Typicality requires that the named plaintiffs' claims arise from the same course of conduct and legal theory as the class. *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Individualized defenses do not bar certification unless they threaten to dominate the litigation. *In re JUUL Labs, Inc.*, 609 F. Supp. 3d 942, 961 (N.D. Cal. 2022).

**C.B.** Defendant argues that C.B.'s later 7-hydroxymitragynine ("7-OH") use and separate litigation renders her atypical. Opp. at 15–17. Neither defeats certification. C.B.'s claims arise from the same kratom label omission alleged by every class member. Her 7-OH use was derivative of the original purchases — she began using Krave-brand "chewables" not knowing they were a different, more potent product. Deckant Decl. Ex. 2, Transcript of the Deposition of C.B. at 176:3–177:7; 177:8–20. She "would never have bought Krave hydroxy chewables had [she] not already been using Krave kratom in the first place." *Id.* at 207:4–7. The separate action concerns different products and theories and creates no antagonism. *See Staton*, 327 F.3d at 957. Defendant's remaining credibility attacks are impeachment arguments reserved for trial.

**J.J.** Defendant argues J.J.'s memory limitations render him unable to serve as a class representative. Opp. at 17–18. In an omission case, liability turns on what the defendant failed to disclose, not granular purchase recollection. J.J. can testify that he purchased Krave kratom, was not informed of addiction and withdrawal risks, and suffered economic injury. *See Jeruchim v. J.M. Smucker Co.*, No. 22-cv-06913-WHO,

2

2026 WL 178565, at *10 (N.D. Cal. Jan. 22, 2026) (the "threshold of knowledge required to qualify as a class representative is low").

**C.D. and D.F.** Defendant attacks C.D. and D.F. on statute-of-limitations grounds and on testimony that C.D. did not read Krave's label. Opp. at 18–20. Neither defeats certification. Statute-of-limitations defenses are inherently individualized and do not undermine typicality unless they threaten to dominate the litigation. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353 (1983); *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116–17 (9th Cir. 2017). A consumer cannot read what was never disclosed; C.D.'s injury flows from Defendant's decision to omit addiction and withdrawal warnings.

Defendant's contention that experiencing withdrawal symptoms should have triggered discovery of the claim conflates a physical event with legal discovery. A claim accrues only when a plaintiff has reason to suspect both an injury and some wrongful cause. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). D.F. testified that he first experienced withdrawal during the COVID-19 supply-chain disruption in late 2020 to early 2021, when his local retailer could not obtain kratom. Deckant Decl. Ex. 3, Transcript of the Deposition of D.F. 43:18–44:15. Experiencing a bodily reaction to an interrupted supply is not the same as discovering that a manufacturer sold products without disclosing material addiction risk. *See Clark v. Baxter Healthcare Corp.*, 83 Cal. App. 4th 1048, 1059–60 (2000) (awareness of physical symptoms did not trigger accrual absent evidence plaintiff suspected wrongdoing); *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). Defendant's claim regarding C.D. is misleading; C.D. corrected the record during his deposition and affirmed that he did not discover his injury until April 2020. Deckant Decl. Ex. 4, Transcript of the Deposition of C.D. at 94:2–18.

Four named Plaintiffs were exposed to the same omission and seek the same relief. Rule 23(a) requires adequate representation, not perfect representatives. *See In re JUUL Labs, Inc.*, 609 F. Supp. 3d at 961–63.

3

### III.    COMMON QUESTIONS PREDOMINATE

#### A.    Defendant's Scientific Disputes And Consumer Motivation Arguments Raise Merits Issues, Not Certification Defects

The certification question is whether the omission and its materiality can be proven with common evidence—not whether kratom satisfies a particular scientific or diagnostic definition. *See Lytle v. Nutramax Labs., Inc.,* 114 F.4th 1011, 1023 (9th Cir. 2024). Defendant emphasizes kratom's pharmacology, diagnostic criteria, and the different reasons consumers use kratom. Opp. at 9–12, 22–23. These arguments go to the merits, not common proof. Materiality is evaluated under an objective standard: whether a reasonable consumer would consider the omitted information important in deciding whether to purchase. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

Consumers who buy the same product for different reasons are still exposed to the same omission. A consumer who buys Tylenol for a headache and one who buys it for post-surgical pain may have different motivations, but if the label omits a liver-damage warning, the omission is equally material to both. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1173 (9th Cir. 2010). Defendant's reliance on *Poulos v. Caesars World, Inc.* is misplaced. *Poulos* involved individualized gambling motivations—fundamentally different from a uniform omission case. *See Torres v. Mercer Canyons, Inc.,* 835 F.3d 1125, 1137–38 (9th Cir. 2016) ("[T]he crux of Plaintiffs' legal challenge involves a common failure to disclose information[.]"); *Vaquero v. Ashley Furniture*, 824 F.3d 1150, 1154 (9th Cir. 2016).

Defendant's argument that some consumers may have learned of kratom's risks through online forums or media coverage raises, at most, a narrow affirmative defense. Plaintiff D.F. testified that he searched Google and Reddit before purchasing Krave but encountered no information about addiction risk—only that kratom was "similar to coffee" and "natural." Ex. 3, D.F. Depo. at 51:2–14. Scattered availability of

information is not a label disclosure and cannot defeat classwide materiality. *See In re JUUL Labs, Inc.*, 609 F. Supp. 3d at 968.

> **B.** **Defendant's Experts' Critiques Do Not Undermine Plaintiffs' Common-Proof Framework**

Defendant relies heavily on the Wallace survey, but Wallace does not test the legally relevant question: whether omission of addiction risk would have been important to a reasonable consumer's purchasing decision at the point of sale. Opp. at 26–28. Instead, Wallace surveys only committed repeat purchasers—screening out the very consumers most relevant to an omission claim: those who tried the product, experienced dependence, and stopped purchasing. Deckant Decl. Ex. 5, Matthews Reply Declaration § I. The survey measures post-purchase satisfaction, not the effect of an omitted warning on purchasing decisions. *Id.* § II.

Wallace's "would you still buy" framing similarly misses the mark. Materiality asks whether omitted information would have been important to a reasonable consumer's decision—not whether experienced users would continue purchasing after learning new information. *See Noohi v. Johnson & Johnson Consumer Inc.*, 146 F.4th 854, 870 (9th Cir. 2025). Moreover, Wallace's survey asks respondents whether the label is "false or deceptive" but offers answer choices reading "false and deceptive," artificially inflating negative responses—because no one alleges Defendant's existing label is false, only that it omits material information. *See* Wallace Decl. at 13; Deckant Decl. Ex. 5, Matthews Reply Decl. § II. Wallace also admitted he does not know what a statistical p-value is, ran no significance tests, and misreported his survey's margin of error. *Id.* § IV.

Defendant's Opposition also mischaracterizes Dr. Matthews' survey by asserting that Plaintiffs "misrepresented" what respondents were shown. Opp. at 23–25. This conflates two distinct components of the survey. The deception component tested consumer understanding using an edited label with a detailed warning disclaimer. But the materiality component tested whether consumers preferred a

5

product described as providing "natural pain relief and energy" versus one also described as "habit-forming, and repeated use can cause opioid withdrawal symptoms." Ex. 5, Matthews Reply Decl. ¶¶ 90–108. The materiality results—showing that 58–62% of consumers preferred the product without the habit-formation disclosure—are based on this simpler preference test, not the labeling language Defendant attacks. *Id.* ¶ 105.

Defendant's remaining experts likewise fail to create individualized issues. Dr. Smith's sole disagreement—over the terms "addiction" and "habit forming"—is a common merits question. Smith Dep. 107:5–11. Dr. Boyer does not opine on materiality, reliance, or injury. *See* Deckant Decl., Ex. 6, Overbeek Reply Decl. ¶¶ 5–9. Dr. Forister disputes Plaintiffs' valuation assumptions but does not contend that classwide restitution is structurally impossible. These are merits disputes, not individualized issues that overwhelm common proof. *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013); *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018).

The Court need not choose between the parties' surveys at certification. Rule 23 requires a common method of proof, not a final merits determination. *See Corbett v. PharmaCare U.S., Inc.*, No. 21-cv-137, 2024 WL 1356220, at *4–5 (S.D. Cal. Mar. 29, 2024) (declining to exclude competing survey evidence and treating methodological critiques as issues of weight); *Sali*, 909 F.3d at 1005–07.

### C. State-Law Variation Does Not Defeat Predominance Or Manageability

Defendant overstates differences among California, New York, and Illinois consumer protection law. Each recognizes omission-based claims grounded in material nondisclosure. Doctrinal differences in reliance presumptions or statutory frameworks are legal, not factual, and do not alter the core questions: what Defendant knew, what it omitted, and whether the omission was material to reasonable consumers. Courts routinely handle multi-state consumer classes through tailored jury

instructions or subclasses. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 563 (9th Cir. 2019) (en banc). Defendant bears the burden of showing material foreign-law differences. *Rutledge v. Hewlett-Packard Co.*, 238 Cal. App. 4th 1164, 1188–89 (2015). Subclasses can address any grouping concerns. *See In re ConAgra Foods, Inc.* 90 F. Supp. 3d 919, 1035–36 (C.D. Cal. 2015) (granting certification of eleven statewide classes in uniform labeling case).

Defendant's emphasis on differences in evidentiary burden—such as Illinois's requirement of clear and convincing evidence—does not defeat predominance. That distinction affects the degree of persuasion required, not the nature of the proof. Courts routinely accommodate such differences through state-specific jury instructions without fragmenting the liability determination. *See Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 591–93 (Ill. 1996) (recognizing classwide proof of omission-based fraud under Illinois law).

### D.   Reliance Is Established Through Classwide Proof In Omission Cases

Omission cases are the paradigmatic setting for classwide reliance because liability turns on uniform conduct and objective materiality. Materiality supplies the classwide inference: if a reasonable consumer would consider the omitted information important, reliance is presumed. *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022 (9th Cir. 2011); *In re Tobacco II Cases*, 46 Cal. 4th 298, 326–27 (2009); *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153–54 (1972). *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), is inapposite. *Mazza* involved affirmative misrepresentations disseminated unevenly; here, every consumer was exposed to the same label omission. *See Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 542 (C.D. Cal. 2012).

Defendant's "failure to read the label" argument is similarly irrelevant. Consumers cannot rely on information that was never disclosed. *See Lytle*, 114 F.4th at 1036; *In re Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 157 (2010). Here,

the named Plaintiffs testified they read the labels and found no warnings. Ex. 2, C.B. Depo. at 118:13–25; Ex. 3, D.F. Depo. at 28:7–23.

Separately, continued purchase after learning of some risks does not negate materiality. The economic injury is the deprivation of informed choice, not cessation of demand. *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 328–30 (2011). That distinction is especially stark here: consumers who continue purchasing an addictive product may be doing so not because the omission was immaterial, but because the undisclosed dependence now compels them to buy. Knowledge acquired from forums, medical providers, or personal experience goes to a narrow affirmative defense and does not bar certification. *See Torres*, 835 F.3d at 1137; *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 681–82 (9th Cir. 2022).

## IV. DEFENDANT'S FDA AND PREEMPTION ARGUMENTS DO NOT DEFEAT CERTIFICATION

This Court has already rejected the same preemption argument. In its July 1, 2025 Order on Defendant's Motion to Dismiss, the Court held that a disclosure of kratom's addictive potential is a structure/function claim—not a disease claim—and that "Defendant cannot persuade the Court that it is impossible to comply with both state and federal law." ECF No. 77 at 12–14. The Court found that "the FDCA's requirements would be consistent with state law requirements" because both prohibit false, misleading, or deceptive statements and omissions. *Id*. at 13 (citing *Dachauer v. NBTY, Inc*., 913 F.3d 844, 849 (9th Cir. 2019)). Defendant offers no new legal authority or factual development that warrants revisiting that holding. Indeed, the Saliman Declaration—the only new evidence Defendant offers on preemption—confirms rather than undermines the Court's prior analysis.

Defendant's attempt to reframe the inquiry around Dr. Matthews' survey language is a strawman. Omission-based liability does not require proof that a specific label would have been adopted. The Saliman Declaration identifies no rule or enforcement action prohibiting addiction or withdrawal disclosures. As this Court

8

held, "Defendant can easily comply with state laws and the FDCA by avoiding false, misleading, or deceptive statements or omissions." ECF No. 77 at 13. The absence of any federal prohibition is fatal to impossibility preemption. *Wyeth v. Levine*, 555 U.S. 555, 571 (2009). And because impossibility preemption turns on the meaning and effect of FDA action, it presents a legal issue for the Court, not an individualized factual question. *See Merck Sharp & Dohme Corp. v. Albrecht*, 587 U.S. 299, 316–18 (2019).

## V.    DEFENDANT'S DAMAGES ARGUMENTS DO NOT BAR CERTIFICATION

### A.    Plaintiffs Present A Classwide Damages Methodology Consistent With Their Liability Theory

Plaintiffs satisfy Comcast's requirement for a damages methodology tied to the theory of liability. *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013). Dr. Ingersoll's restitution model calculates aggregate retail revenues using Defendant's wholesale sales data and public pricing—an arithmetic, classwide calculation directly linked to the alleged omission and resulting economic injury. *See* Deckant Decl. Ex. 7, Ingersoll Reply Declaration. Disputes over inputs are merits questions for later stages. *See Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988–89 (9th Cir. 2015).

### B.    Deprivation Of Informed Choice Is A Classwide Injury

A full-refund model does not require proof that a product was "worthless." Where the omitted information concerns a material safety risk, withholding that information deprives consumers of the ability to make a fully informed purchasing decision—itself a classwide injury for which full-refund restitution is a permissible measure. *See Montera v. Premier Nutrition Corp.*, 111 F.4th 1018, 1030–33 (9th Cir. 2024) (affirming full-refund verdict despite product's "residual value"); *Kwikset Corp.*, 51 Cal. 4th at 328–30.

Defendant's assertion that Plaintiffs made "judicial admissions" they would have "paid less" is wrong. Opp. at 30. Defendant does not cite the operative Consolidated Complaint, relying instead on superseded individual complaints where

9

"paid less" language appears only in boilerplate and alternative unjust-enrichment counts. Each Plaintiff's individual allegations state they would "never" have purchased had they known the truth. *See, e.g.*, D.F. Compl. ¶ 51; C.B. Compl. ¶ 58. The operative CCAC is emphatic: Plaintiffs "would not have purchased." CCAC ¶¶ 109, 120, 122–124, 134, 148. Alternative pleading is not a judicial admission. *See American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226–27 (9th Cir. 1988).

Dr. Forister disputes Plaintiffs' methodology and assumptions but does not contend that classwide restitution is structurally impossible. See Ex. 7, Ingersoll Reply Decl. ¶ 7. *Comcast* requires a methodology consistent with the liability theory, not an uncontested one. *See Comcast*, 569 U.S. at 35. Plaintiffs have articulated a coherent, classwide methodology tied to liability. Because damages do not overwhelm common liability questions, they do not bar certification.

## VI. CONCLUSION

Defendant's labeling decisions were centrally directed and uniform. Materiality is capable of classwide proof, and damages are calculable using Defendant's own sales data. Even Defendant's own expert concedes the omitted information should have been disclosed. Ex. 1, Smith Dep. 69:3–6. No individualized issue overwhelms these common questions. Defendant's expert disputes are merits-based disagreements, not Rule 23 defects.

For the foregoing reasons and the reasons set forth in Plaintiffs' Motion, Plaintiffs respectfully request that the Court certify the proposed classes. To the extent the Court identifies any basis for narrowing the scope of certification, Plaintiffs respectfully submit that subclasses or partial certification under Rule 23(c)(4)–(5) would be appropriate and manageable.

CASE NO. 3:24-CV-00311-GPC-MSB

Dated: March 19, 2026

**BURSOR & FISHER, P.A**.

By:   */s/ Neal J. Deckant*

Neal J. Deckant (State Bar No. 322946)
Luke Sironski-White (State Bar No. 348441)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ndeckant@bursor.com
          lsironski@bursor.com

**OLIVIER & SCHREIBER LLP**
Monique Olivier (SBN 190385)
monique@os-legal.com
Christian Schreiber (SBN 245597)
christian@os-legal.com
475 14th Street, Suite 250
Oakland, CA 94612
Telephone: (415) 484-0980

**LYNCH CARPENTER, LLP**
Todd D. Carpenter (SBN 234464)
todd@lcllp.com
Scott G. Braden (SBN 305051)
scott@lcllp.com
Alexandra Stasio (SBN 358410)
alexandras@lcllp.com
1234 Camino del Mar
Del Mar, CA 92014
Tel:   (619) 762-1910
Fax:   (858) 313-1850

*Attorneys for Plaintiffs*

11