UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.J., C.D., C.B., and D.F., individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>v.<br><br>ASHLYNN MARKETING GROUP, INC.,<br><br>                                    Defendant. | Case No.: 3:24-cv-00311-GPC-MSB<br><br>**ORDER RE: PARTIES' JOINT STATEMENT**<br><br>**[ECF No. 121]** |

Per this Court's previous order denying the parties' motions to seal, ECF No. 117, the parties to this action have met and conferred regarding what information on the record should remain under seal. ECF No. 121.

Defendant requests to maintain under seal a one-page exhibit in its entirety, and short excerpts from two other exhibits. ECF No. 121, at 2. Plaintiffs do not request to maintain any content under seal and do not oppose Defendant's request. *Id*.

As discussed in this Court's previous order, a "compelling reasons" standard applies to motions to seal documents relating to class certification. *See Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020)

1

(collecting cases). Thus, a party seeking to seal a judicial record in relation to a motion for class certification must "articulate[] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

When a party seeks to seal records to protect its own business interest, "information may be sealed from the public only if it is truly confidential, not generally known, and its disclosure would likely cause [the party] competitive harm." *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 587 (N.D. Cal. 2020). Defendant has provided an affidavit from a declarant with personal knowledge of Defendant's business interests—Defendant's CEO Wasem Saliman—detailing how publication of the identified information would cause Defendant competitive harm. Reviewing the materials requested to be sealed, the Court agrees that the information in question is "detailed enough to constitute the kind of sales data that could undermine [Defendant's] market position if made public," *Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, 2016 WL 5464549, *2 (S.D. Cal. Sept. 28, 2016). Accordingly, the Court finds that Defendant has provided the necessary compelling reasons for sealing the identified materials.

Additionally, Defendant has narrowed its request to seal from hundreds of pages of evidence to only five pages. Defendant seeks to seal only one exhibit—a one-page chart—in its entirety and otherwise provides limited redactions to larger exhibits. Thus, the Court finds that this request is sufficiently narrowly tailored to serve the compelling reasons identified. *See Ameranth, Inc. v. Chownow, Inc.*, No. 20-CV-02167-BEN-BLM, 2021 WL 3678415, at *7 (S.D. Cal. Aug. 18, 2021) ("Even where a document contains some information appropriate for sealing, a party may not seal the entire document and must narrowly tailor that party's request by only redacting the information appropriate for sealing."); *Doe v. L. Offs. of Winn & Sims*, No. 06-CV-00599-H-AJB, 2021 WL

3:24-cv-00311-GPC-MSB

9917688, at *1 (S.D. Cal. June 21, 2021), as modified (June 29, 2021) (quoting *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)) ("'Any order sealing documents should be narrowly tailored' to serve those compelling reasons.").

## CONCLUSION

The parties have identified a narrowed selection of materials to maintain under seal. The Court finds that Defendant has both articulated a compelling reason for seal and narrowly tailored its request.

The parties are ORDERED to proceed as follows:

- Though the Court has already noted that the identified materials are appropriately subject to seal, the parties are directed to file a renewed, Joint Motion to Seal the following content:
    o Exhibit 2 to the Declaration of Neal Deckant
    o The identified portions of the Declaration of William Robert Ingersoll
    o The identified portions of the Declaration of Eric Forister
- After filing the motion, the parties are to jointly lodge the unredacted versions of the documents—Exhibit 2, the Declaration of William Robert Ingersoll, and the Declaration of Eric Forister—under seal.
- For the purposes of a complete record, Plaintiffs should file a modified version of ECF No. 105 that includes all associated exhibits previously filed under seal and omits or redacts only the exhibits and text identified in the renewed motion to seal. Defendant should similarly file a modified version of ECF No. 111. The Court recommends that the parties file the modified documents as a "Response" or a "Notice"

IT IS SO ORDERED.

3:24-cv-00311-GPC-MSB

Dated:  April 20, 2026

Hon. Gonzalo P. Curiel
United States District Judge

3:24-cv-00311-GPC-MSB