UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.J., C.D., C.B., and D.F., individually and on behalf of all others similarly situated,<br><br>                                              Plaintiffs,<br><br>v.<br><br>ASHLYNN MARKETING GROUP, INC.,<br><br>                                              Defendant. | Case No.: 3:24-cv-00311-GPC-MSB<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>**[ECF No. 114]** |

This case concerns Defendant's alleged failure to warn consumers of the purportedly addictive nature of kratom when marketing and labeling its kratom-based products. Before the Court is Plaintiffs' motion for sanctions for Defendant's failure to preserve evidence. ECF No. 114. The Court held a hearing on the matter on April 24, 2026. ECF No. 123. Based on the reasoning below, the Court GRANTS Plaintiffs' motion for sanctions, though it finds sanctions under Federal Rule of Civil Procedure 37(e)(1) are appropriate as opposed to more punitive measures under 37(e)(2).

//

//

## BACKGROUND

The factual background of this case has been outlined by this Court in previous orders. *See* ECF No. 77. Thus, the Court will address only those facts relevant to the motions now before it.

This motion has to do with a blog that was previously hosted on Defendant's website, KraveKratom.com, as well as related electronically stored information ("ESI").[1] ECF No. 114-1, at 6, 9. Defendant hired a third-party contractor, Jet Rank, to draft and publish the blog content on Defendant's website. ECF No. 114-1, at 6; ECF No. 118, at 5. Plaintiffs argue that the blog functioned as a "consumer-facing marketing channel," distributing content regarding kratom's effects, dosing, usage, and more. ECF No. 114-1, at 6.

Specific blog topics included, among others, "Kratom for Pain Management," ECF No. 114-7, usage guidance, *see* ECF No. 114-8 ("Best Kratom Strains to Break Your Present Kratom Cycle"), purchasing advice, *see* ECF No. 114-5 ("How to Choose the Right Kratom Vendor: Factors to Consider"), and kratom's use globally, *id.* ("The Cultural Exchange of Kratom: How Kratom is Embraced in Different Parts of the World.").

Of relevance to this motion is the existence of prior related litigation. Plaintiffs allege that they sent Defendant a letter in January 2023 threatening litigation based on "the same kratom-related misrepresentation and omission claims at issue in this action." ECF No. 114-1, at 11. Defendant alleges that it never received such a letter. ECF No. 118, at 8. On April 13, 2023, Plaintiffs' counsel in this action filed a different class-action lawsuit asserting similar substantive claims to those at issue here. *See* ECF No. 114-12. The prior lawsuit

---

[1] Plaintiffs refer to these "related materials" as "SEO keyword materials," which include: "keyword research, SEO briefs, draft or published blog and webpage content, metadata, vendor communications, and backend publishing, modification, or deletion instructions used to generate, optimize, or remove consumer-facing content on KraveKratom.com." ECF No. 114-1, at 6 n.1.

plaintiffs voluntarily dismissed their claims with prejudice on June 23, 2023, and August 14, 2023. ECF No. 1118, at 9.

While the prior lawsuit was ongoing, in May 2023, an FDA investigator visited Defendant's office to flag certain unidentified content from the blog. ECF No. 119, at 7. In response, Defendant's CEO, Mr. Wasem Saliman, terminated Jet Rank and ordered that the blog be deleted. ECF No. 118, at 7; ECF No. 114-1, at 10-11.

Plaintiffs filed this lawsuit on February 16, 2024. ECF No. 1. On April 4, 2025, Plaintiffs sent Defendant a request for production seeking "all documents or communications relating to the blog posts published on your website's blog page, www.kravekratom.com/blog/, including the blog posts themselves, since January 1, 2016." ECF No. 114-13 (cleaned up). However, Defendant's discovery responses indicate that the blog posts were deleted and removed from Defendant's website "on or around July 2023," ECF No. 114-9, at 5, that no archive exists, and that no copies of the blog are in Defendant's possession, custody, or control. ECF No. 114-10, at 3.

Despite the alleged deletion of the blog in July 2023, Plaintiffs were able to access the blog by typing the web address directly into their web browser address bar in October 2024. ECF No. 120-1, at 2. Further, Plaintiffs used the Internet Archive's Wayback Machine to view a capture of KraveKratom.com's blog index page as of April 20, 2025. ECF No. 114-1, at 11. The Wayback Machine revealed that, as of April 20, 2025, the blog index page was publicly accessible and displayed content, including multiple blog article titles. ECF No. 114-5, at 2. When Plaintiffs again used the Wayback Machine to view the same blog index page as of October 9, 2025, the website returned a "404 Error—Not Found" message. ECF No. 114-14, at 2. Thus, Plaintiffs argue that Defendant removed the blog page sometime between April 20 and October 9, 2025—after this lawsuit was filed and after Plaintiffs served Defendant with a written discovery request for the blog materials. ECF No. 114-1, at 12.

3:24-cv-00311-GPC-MSB

Plaintiffs now seek sanctions for destruction of evidence and requests that the Court order a mandatory adverse inference instruction under Federal Rule of Civil Procedure ("Rule") 37(e)(2).[2] ECF No. 114-1, at 8. Alternatively, the Plaintiffs ask for (1) a permissive inference instruction and express authorization for Plaintiffs to present evidence regarding Defendant's spoliation; (2) defense limitations and evidentiary preclusion preventing Defendant from exploiting the evidentiary gap it created; (4) an award of attorneys' fees and costs incurred in bringing this motion; and (5) an order permitting partial reconstructions from the Wayback Machine to be admitted into evidence as first-party admissions. *Id.* at 8-9. Defendant opposes Plaintiffs' motion in its entirety. ECF No. 118.

## DISCUSSION

The Court will first discuss Plaintiffs' reliance on the Internet Archive's Wayback Machine and Defendant's opposition to Plaintiffs' evidence. Then, the Court will address Plaintiffs arguments that Sanctions are appropriate under Federal Rule of Civil Procedure 37(e).

### I.      Plaintiffs' Use of the Wayback Machine

Plaintiffs' motion is largely premised on screenshots gathered from the Internet Archive's Wayback Machine. "The Wayback Machine is an online digital archive of web pages. It is run by the Internet Archive, a nonprofit library in San Francisco, California." *Gjovik v. Apple Inc*., No. 23-CV-04597-EMC, 2025 WL 637931, at *8 (N.D. Cal. Feb. 27, 2025) (quoting *Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364, 1374 (Fed. Cir. 2021)). Defendant argues that the Wayback Machine screenshots provided by Plaintiff are "unauthenticated and inadmissible" evidence which cannot (1) rebut Mr. Saliman's

---

[2] "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

testimony that the blog was deleted in 2023 or (2) demonstrate that the blog was live in 2025. ECF No. 118, at 10.

As a threshold matter, the Court notes that Defendant has not provided a good-faith basis to challenge the authenticity of Plaintiffs' Wayback Machine evidence. "Courts generally have a dim view of authentication objections presented in the absence of any indication that the record's authenticity is genuinely in dispute." *Greenblatt v. Patel*, No. 1:12-CV-00046-LJO, 2015 WL 893384, at *11 (E.D. Cal. Mar. 2, 2015); *see also Burch v. Regents of the University of California*, 433 F.Supp.2d 1110, 1118–24 (E.D. Cal. 2006) (finding that "whether the authentication requirement should be applied to bar evidence when its authenticity is not actually disputed is, however, questionable."); *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 717 (N.D. Fla. 2019) (discouraging authentication challenges where party lacks a good-faith basis to challenge the authenticity of Wayback Machine evidence). Though the Court discourages such a practice, it continues with its analysis.

While Plaintiffs include screenshots from the Wayback Machine in their motion, *see* ECF Nos. 114-5; 114-7; 114-8, they do not actually request that the Court take judicial notice of these screenshots. Even so, "the Court may take judicial notice on its own." Fed. R. Evid. 201(c)(1); *see also United States ex rel. Hong v. Newport Sensors, Inc.*, No. 13-CV-1164-JLS-JPRX, 2016 WL 8929246 (C.D. Cal. May 19, 2016), *aff'd sub nom. United States ex rel. Juan Hong v. Newport Sensors, Inc*, 713 F. App'x 724 (9th Cir. 2018) and 728 F. App'x 660 (9th Cir. 2018). The Court thus conducts a judicial notice analysis.

Rule 201(b) of the Federal Rules of Evidence provides that a court may take judicial notice of facts "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." While courts nationwide have contemplated whether Wayback Machine materials are appropriate subjects for judicial notice, *see*, *e.g.*, *Pohl*, 332 F.R.D. at 716 (collecting cases), the Ninth

5

Circuit has not explicitly weighed in on the matter. *See Gjovik*, 2025 WL 637931, at *8. Thus, courts in this Circuit are split as to whether content derived from the Wayback Machine is sufficiently reliable to allow for the taking of judicial notice or whether additional authentication is required.

This Court joins the apparent majority in determining that content from the Wayback Machine is a proper subject for judicial notice. *See Erickson v. Nebraska Mach. Co.*, No. 15-CV-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Parziale v. HP, Inc.*, No. 5:19-cv-05363-EJD, 2020 WL 5798274 (N.D. Cal. Sept. 29, 2020) ("District courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to this rule"); *See Steinberg v. Icelandic Provisions, Inc.*, No. 21-CV-05568-EMC, 2022 WL 220641 (N.D. Cal. Jan. 25, 2022), *aff'd*, No. 22-15287, 2023 WL 3918257 (9th Cir. June 9, 2023) (granting judicial notice of fact from website as it existed on a given date, preserved by the WayBack Machine); *Gjovik v. Apple Inc.*, No. 23-CV-04597-EMC, 2025 WL 637931, at *9 (N.D. Cal. Feb. 27, 2025) (discussing a Circuit split, and taking judicial notice of Wayback Machine evidence to show that information was publicly available on a particular date); *Sabatini v. Price*, No. 17-CV-01597-AJB-JLB, 2018 WL 1638258, at *5 n.6 (S.D. Cal. Apr. 5, 2018), *aff'd sub nom. Sabatini v. Azar*, 749 F. App'x 588 (9th Cir. 2019) (court acted on its own volition to take judicial notice of website contents through a Wayback Machine archived page); *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1190-91 (S.D. Cal. 2024) (taking judicial notice of previous version of webpage obtained through Wayback Machine); *Newport Sensors, Inc.*, No. 2016 WL 8929246, at * 3 ("[D]istrict

3:24-cv-00311-GPC-MSB

courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to this rule, as we do here.).[3]

The Court notes that it takes judicial notice only of the screenshots provided in Plaintiffs' motion, as they are full webpage screenshots which bear the full website URL, the date of the Wayback Machine capture, and the Wayback Machine watermark. *See* ECF Nos. 114-5; 114-7; 114-8. The Court finds that the cropped images included in Plaintiffs' reply, ECF No. 1120—without a submission of the larger screenshot in the record—are not properly subject to judicial notice, as they do not contain the indicia of reliability sufficient to demonstrate that the contents are not subject to reasonable dispute. *See Prime Healthcare Servs., Inc. v. Harris*, No. 16-CV-00778-GPC-AGS, 2017 WL 3525169, at *10 (S.D. Cal. Aug. 16, 2017).

Thus, the Court takes judicial notice of the fact that the blog documents were publicly available on Defendant's website April 20, 2025, and were not available on October 9, 2025. *See* ECF No. 114-5, at 2; ECF No. 114-14, at 2. The Court further notes that this is not the only evidence demonstrating that the blog was live after Defendant allegedly deleted it. Plaintiffs' counsel—Mr. Luke Sironski-White—has also testified that he accessed the live blog at www.kravekratom.com/blog by typing the address directly into his web browser address bar in October 2024. ECF No. 120-1, at 2. While Mr. Sironski-White's testimony does not establish that the blog was live in 2025, it does provide

---

[3] *But see Hansen Cold Storage Constr. v. Cold Sys., Inc.*, No. 2:19-CV-07617-SB-MAA, 2021 WL 6536672, at *3 (C.D. Cal. Dec. 19, 2021) (finding evidence from Wayback Machine must be authenticated through witness testimony regarding how the Wayback Machine works and the reliability of its contents); *Lindsay v. Shree Enter.*, LLC, No. 2:21-CV-00299-WBS-CKD, 2021 WL 2711225, at *3 (E.D. Cal. July 1, 2021) (declining to find that Wayback machine screenshots were facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); *Abu-Lughod v. Calis*, No. CV 13-2792 DMG (RZX), 2015 WL 12746198 (C.D. Cal. May 20, 2015) (not discussing judicial notice, but reasoning how Wayback Machine evidence may be authenticated for admission at trial).

3:24-cv-00311-GPC-MSB

evidence that the blog was live in October 2024—after the blog was purportedly deleted and after the commencement of this litigation. Thus, Mr. Saliman's testimony that the blog was deleted in July 2023 is contradicted by both the Wayback Machine screenshots and the testimony of Plaintiffs' counsel.

## II.   Plaintiffs' Motion for Sanctions

### A. Legal Standard

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve [evidence,] . . . in pending or reasonably foreseeable litigation." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051-52 (S.D. Cal. 2015) (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). Rule 37(e) controls when a party seeks sanctions for a failure to preserve electronically stored information ("ESI"). Fed. R. Civ. P. 37(e). Specifically:

> Rule 37(e) applies when ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." [Fed. R. Civ. P. 37(e)]. If the district court finds the loss prejudicial, it "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1).

*Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 734–35 (9th Cir. 2024). However, if the Court finds that an offending party "acted with the intent to deprive another party of the information's use in the litigation," it may (a) "presume that the lost information was unfavorable to the party; (b) "instruct the jury that it may or must presume the information was unfavorable to the party; or (c) "dismiss the action." Fed. R. Civ. P. 37(e)(2)(A)-(C).

Sanctions under Rule 37(e) may be appropriate if: (1) the information qualifies as ESI; (2) the responding party had a duty to preserve the ESI in anticipation or conduct of litigation; (3) the responding party failed to take reasonable steps to preserve the ESI; and

3:24-cv-00311-GPC-MSB

(4) the ESI is lost and cannot be restored or replaced. *Est. of Bosco by & Through Kozar v. Cnty. of Sonoma*, 640 F. Supp. 3d 915, 924 (N.D. Cal. 2022).

The parties do not dispute that the missing evidence at issue is ESI. Thus, the Court assesses the remaining factors.

**B. Duty To Preserve**

"Rule 37(e) applies only if the party accused of spoliation had a duty to preserve the ESI at issue in anticipation or conduct of litigation." *RG Abrams Ins.*, 342 F.R.D. 461, 506 (C.D. Cal. 2022). In fact, "[t]he rule does not apply when information is lost before a duty to preserve arises," and "in applying the rule, a court may need to decide whether and when a duty to preserve arose." Fed R. Civ. P. 37(e) advisory committee's note to 2015 amendment. "The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015). The duty to arises as soon as a potential claim is identified and extends to all evidence that a party knows or reasonably should know "is relevant to the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, or is the subject of a pending discovery request." *Id.*

The parties dispute whether the January 2023 letter or April 2023 lawsuit gave rise to Defendant's duty to preserve. While Plaintiffs allege that both occurrences created a duty, Defendant argues that neither incident gave rise to Defendant's duty to preserve content related to this litigation.

The relevant timeline is as follows: Plaintiffs allegedly sent Defendant a letter in January 2023 warning Defendant of upcoming litigation and asking them to preserve evidence. ECF No. 114-11. Defendants allege that Defendant never received it. ECF No. 118, at 8. In April 2023, Plaintiffs' counsel filed a class action against Defendant asserting

claims similar to those in this case. ECF No. 114-1, at 11. In that case, one plaintiff filed a notice of voluntary dismissal with prejudice on June 23, 2023. ECF No. 118, at 9. Defendant's discovery responses indicate that it deleted all blog content "in or around July 2023." ECF No. 114-9, at 5. On August 13, 2023, the other plaintiff in the prior class action lawsuit filed a notice of voluntary dismissal with prejudice. ECF No. 118, at 9. This lawsuit was filed on February 16, 2024.

Here, Defendant plainly had a duty to preserve evidence related to the previous class action—which began in April 2023—and violated that duty by ordering the deletion of all blog materials in July 2023 while that case was still ongoing. The Court also finds that the circumstances fairly gave rise to a duty to preserve as applied to potential future litigation, such as this case. The 2023 case was never adjudicated on the merits, indicating that similar questions may arise in subsequent litigation. Additionally, the federal government had warned Defendant of the problematic nature of certain content on its blog, further informing Defendant of potential legal questions regarding its website contents. These circumstances, taken together, support an inference that Defendant was aware that subsequent litigation regarding its sales and marketing of kratom was likely, and was under a duty to preserve evidence when it removed the blog contents—without copies or archives—in July 2023.

Defendant's duty continued once this case began in February 2024. Yet, Plaintiffs have presented evidence that, (1) after this litigation commenced, the blog content was preserved on the website and accessible to the public, and (2) the blog is no longer accessible on the website. *See Colonies Partners*, 2020 WL 1496444, at *5 ("Regardless of whether Defendants were on notice of pending or anticipated litigation involving Plaintiffs in October or November of 2017, it is clear that the emails were lost after the commencement of litigation."). Such evidence is presented through counsel's testimony—indicating that counsel accessed the blog by typing the web address directly into the address

3:24-cv-00311-GPC-MSB

bar in October 2024, ECF No. 120-1, at 2—and a capture from the Wayback Machine, ECF No. 114-5, at 2. Thus, Defendant was under an obligation to take reasonable steps to preserve potentially relevant materials both when (1) Mr. Saliman ordered the deletion of the blog in 2023, and (2) various blog materials were taken down from the website in 2025, both allegedly without any archive or copies preserved.

Plaintiffs have successfully demonstrated Defendant's duty to preserve ESI on Defendant's website.

**C. Reasonable Steps to Preserve**

A party under a duty to preserve ESI must take reasonable steps to preserve it. *See Colonies Partners*, 2020 WL 1496444, at *8 (citing Fed. R. Civ. P. 37(e)). Such steps include suspending existing policies related to deleting files—often referred to as a litigation hold. *Id.*

Plaintiffs argue that Defendant took no reasonable steps to preserve the blog content. Indeed, Defendant was in the midst of other, related litigation when Mr. Saliman ordered all blog content deleted without copies, archives, or backups. ECF No. 114-4, at 18; ECF No. 114-10, at 3. Plaintiffs have also demonstrated that Defendant removed blog material from its website after the commencement of this litigation without systems to preserve or archive that content. *Id.*

While Defendant does not argue that they took reasonable steps to preserve the blog information, it does argue that they acted reasonably in response to the FDA visit by ordering all blog content deleted. ECF No. 118, at 14-15. However, such an argument finds little support in the record. The FDA did not order Defendant to delete all blog content and, at most, raised an issue with an unidentified statement in the blog. ECF No. 118, at 14-15; *see also* 114-4, at 10 (Mr. Saliman testifying that the FDA took issue with "one sentence" on the blog, the content of which he does not remember). Once content on the blog was flagged by the FDA, it was not reasonable to delete any trace of the blog both publicly and

3:24-cv-00311-GPC-MSB

privately. A reasonable course of action would likely have involved removing the blog from public view and maintaining a record of blog contents for internal records. Further weakening its argument, Defendant does not address or engage with the evidence that (1) blog content remained available on Defendant's website after it was allegedly deleted in July 2023, (2) blog content continued to be available on Defendant's website after this litigation commenced, (3) blog content stopped being available on Defendant's website after Plaintiffs requested production of blog materials.

Lastly, Defendant unsuccessfully attempts to narrow this motion to only Mr. Saliman's decision to delete the blog in 2023. While Mr. Saliman's actions did violate Defendant's duty to preserve, this motion extends beyond that decision to include the additional removal of content from Defendant's website after this litigation commenced. Indeed, not only was material removed from Defendant's website during the pendency of this litigation, but at no time after this litigation commenced did Defendant archive or copy their website contents for the purpose of preservation. ECF No. 114-4, at 18.

Thus, the Court finds that Defendant had a duty to preserve the ESI on its website and did not take reasonable steps to do so.

### D. Lost and Cannot Be Recovered

The moving party has the burden to show that the evidence was in fact lost and "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). A showing that ESI was actually lost must be made through "competent evidence, which could take the form of expert testimony or other evidence[.]" *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 506 (C.D. Cal. 2022) (quoting *Colonies P'rs, L.P. v. Cty. of San Bernardino*, No. 5:18-cv-00420-JGB-SHK, 2020 WL 1496444, at *5 (C.D. Cal. Feb. 27, 2020)).

Defendant makes two arguments as to why the evidence in question is not "lost" under Rule 37. First, Defendant states that sanctions for "lost" evidence are limited to

12

"private ESI that is uniquely within that party's control," as opposed to "an internet blog" that was "openly accessible to the public." ECF No. 118, at 11. Defendant cites no case law indicating that Rule 37 does not apply to instances of failure to preserve "content that was openly accessible to the public," *id.*, and the Court is not persuaded. Website operators are not excused from their duty to preserve merely because, at one point, the content on their website was available to the public. Deciding otherwise would grant all litigants who operate a website free reign to scrub said websites of any relevant evidence after the commencement of litigation. "[A] litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action," not just private evidence. *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).

Next, Defendant argues that Plaintiffs can reconstruct the blog content through the Wayback Machine. ECF No. 118, at 12. The Court first notes that Defendant's argument is inconsistent with its initial position that Plaintiffs' Wayback Machine evidence was incapable of supporting their motion. ECF No. 118, at 11. Additionally, Plaintiffs convincingly argue that Wayback Machine archives are not an equal substitute for a holistic archive of website content. ECF No. 114-1, at 19-20. Content from the Wayback Machine is limited to that captured by an automated third-party crawler on a given date. *See Abu-Lughod*, 2015 WL 12746198, at *2. While Plaintiffs may be able to reconstruct the blog through various Wayback Machine captures from a variety of dates spanning years, this does not mean that the relevant ESI Plaintiffs seek—a holistic, preserved account of blog information included on Defendant's website at the time it was removed—is not "lost" for the purposes of Rule 37.

Here, Defendant's own discovery responses admit that "no copies of the blog posts are in Defendant's possession, custody, or control." ECF No. 114-10. Thus, the Court finds that the full and complete blog contents are lost under Rule 37(e).

The Court notes that Plaintiffs' request is not limited to the contents of Defendant's blog, but extends to related "SEO materials" including "keyword research, SEO briefs, draft or published blog and webpage content, metadata, vendor communications, and backend publishing, modification, or deletion instructions used to generate, optimize, or remove consumer-facing content on KraveKratom.com." ECF No. 114-1. The Court agrees that the wholesale deletion of the blog has undoubtedly resulted in the loss of related ESI, including any relevant metadata or information regarding the modification and deletion of blog content. Thus, the Court contemplates that additional loss when addressing the removed blog ESI.

### E. Remedy Under 37(e)

Having determined that: (1) the blog was ESI; (2) the blog was information Defendant had a duty to preserve; (3) Defendant took no reasonable steps to do so; and (4) the blog contents are lost and cannot be replaced, the Court must address the appropriate remedy for spoliation of the ESI.

Sanctions are available under both Rule 37(e)(1) and Rule 37(e)(2), though they vary in severity according to the offending party's intent. Plaintiffs request sanctions under 37(e)(2) in the form of an adverse jury instruction mandating a presumption that the destroyed blog and other website ESI would have been unfavorable to Defendant. ECF No. 114-1, at 8.

### 1. Rule 37(e)(2): Intent to Deprive

Rule 37(e)(2) sanctions are available if Defendant "acted with the intent to deprive [Plaintiffs] of the information's use" in the litigation. Fed. R. Civ. P. 37(e)(2). If the Court so finds, it may: (1) "presume that the lost information was unfavorable to the party"; (2) "instruct the jury that it may or must presume the information was unfavorable to the party"; or (3) "dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2)(A)-

(C). However, the Federal Rules of Civil Procedure Advisory Committee offers the following guidance on 37(e)(2):

> Courts should exercise caution, however, in using the measures specified in (e)(2). Finding an intent to deprive another party of the lost information's use in the litigation does not require a court to adopt any of the measures listed in subdivision (e)(2).The remedy should fit the wrong, and the severe measures authorized by the subdivision should not be used when the information lost was relatively unimportant or lesser measures such as those specified in (e)(1) would be sufficient to redress the loss.

Fed. R. Civ. P. advisory committee note to the 2015 amendment.

"Because intent can rarely be shown directly, a district court may consider circumstantial evidence in determining whether a party acted with the intent required for Rule 37(e)(2) sanctions." *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024). The Ninth Circuit has found that relevant considerations include timing, any affirmative steps taken to delete the evidence, and selective preservation. *Id.*

Plaintiffs ask the Court to infer intent due to the scope, irreversibility, and timing of Defendant's destruction of the blog in July 2023 during the prior class action lawsuit. ECF No. 114-1, at 22. The Court agrees that the events of 2023—when combined with subsequent events in 2025—support an inference of intent. In 2023, Plaintiffs' counsel had advised Defendant that they were going to sue Defendant in relation to its marketing claims regarding kratom. In April 2023, Plaintiffs' counsel did, in fact, sue Defendant for those misrepresentations. Subsequently, Defendant deleted all blog content on its website, which included many claims regarding kratom's function, purpose, and health benefits. This displayed Defendant's clear willingness to violate its duty to preserve.

Later, on April 4, 2025, Plaintiffs in this case served Defendant with a request for production seeking "[a]ll documents or communications relating to the Blog posts published on your website's blog page, www.kravekratom.com/blog/, including the blog posts themselves, since January 1, 2026." ECF No. 114-13, at 7. Though Defendant had

15

already been under a duty to preserve, Plaintiffs' discovery request eliminated any remaining doubt as to that duty or the relevance of the blog content to this present lawsuit. Per the Wayback Machine, the blog was still live on April 20, 2025, after Plaintiffs sought production of the blog materials. ECF No. 114-5. Then, sometime between April and October 2025, the blog was removed from the website.

The Court finds that the circumstances—taken altogether—are sufficient to indicate intent. "Intent may be inferred if a party is on notice that documents were potentially relevant and fails to take measures to preserve relevant evidence, or otherwise seeks to keep incriminating facts out of evidence." *Est. of Bosco by & Through Kozar v. Cnty. of Sonoma*, 640 F. Supp. 3d 915, 927–28 (N.D. Cal. 2022). Here, Defendant was on notice of the relevance of the blog to pending and future litigation when Mr. Saliman allegedly deleted it in 2023. Further, the blog content was live and seemingly capable of being archived or preserved by Defendant *after* Plaintiffs in this case specifically requested that Defendant produce the blog content. Yet, after that request was made, the blog contents were removed from the website, allegedly without any copies or archives. Defendant fails to meaningfully engage with Plaintiffs' argument or evidence showing that blog content was live in 2025, instead maintaining only that the blog was deleted in 2023. ECF No. 118, at 16. Accordingly, the Court finds that it is reasonable to infer intent based on this record. Such a finding also supports "an inference that [Plaintiffs were] prejudiced by the loss of information that would have favored its position." Fed. R. Civ. P. 37 advisory committee's notes to 2015 amendment.

However, "even upon a finding of intent, a court need not apply any sanction under Rule 37(e)(2)." *Est. of Bosco by & Through Kozar v. Cnty. of Sonoma*, 640 F. Supp. 3d 915, 930 (N.D. Cal. 2022). The Court is mindful that any sanction should "fit the wrong," and harsher sanctions should be avoided when "the information lost was relatively unimportant or lesser measures such as those specified in (e)(1) would be sufficient to

16

3:24-cv-00311-GPC-MSB

redress the loss." Fed. R. Civ. P. advisory committee note to the 2015 amendment. Applying this principle, the Court is skeptical that an adverse or permissive jury instruction regarding the blog contents would be appropriate.

After Defendant attacked the relevance of the blog content to Plaintiffs' claims, ECF No. 118, at 13-14, Plaintiffs responded that they intend to use the contents not to demonstrate Defendant's misrepresentations about kratom, but to support Plaintiffs' fraud claim by showing Defendant's knowledge. ECF No. 120, at 9-10. The Court acknowledges that the blog content is relevant to the issues raised in this litigation as to Defendant's internal understanding of kratom's addiction risks. However, the Court recognizes that the potential harm to Plaintiffs' case caused by the removal of the blog is lessened since much of the blog content remains accessible via the Wayback Machine. The Court agrees with Plaintiffs that this solution is not a true replacement for the ESI as requested; the Wayback Machine offers a less holistic account of the blog content and lacks the associated metadata or related ESI. However, the Court's review of the contents of the Wayback Machine indicates that most blog posts on Defendant's website are available to view in archived form. This certainly reduces the loss Plaintiffs will suffer from Defendant's spoliation.

## 2. Rule 37(e)(1): Measures Necessary to Cure Prejudice

Considering the above, the Court finds that the following sanctions are appropriate "measures no greater than necessary to cure the prejudice" caused by Defendant's spoliation. Fed. R. Civ. P. 37(e)(1).

Plaintiffs will be permitted to offer into evidence archived blog content from the Wayback Machine. If they do so, the jury will be instructed that the archived website content should be presumed to be authentic and accurate. Further, Defendant will be precluded from arguing that the archived content is inadmissible, or that it was not publicly available on Defendant's website during the class period.

The Court will give an instruction informing the jury that Defendant was under a duty to preserve the blog content, and that the blog was removed from the website—without any preserved copies—after that duty attached. However, the instruction will not inform the jury that it can or must infer that the lost evidence was favorable to Plaintiffs. *See Morehead v. City of Oxnard*, No. CV-2-21-CV-07689-SPG-ADS, 2023 WL 8143973, at *13 (C.D. Cal. Oct. 4, 2023); *Porter v. City & Cnty. of San Francisco*, No. 16-CV-03771-CW(DMR), 2018 WL 4215602, at *4 (N.D. Cal. Sept. 5, 2018). Through the introduction of the archived blog evidence and this jury instruction, Plaintiffs will be able to draw reasonable inferences in support of their case.

Plaintiffs have also requested an award of reasonable attorney's fees. "[C]ourts may award costs and fees associated with spoliation as a sanction under Rule 37(e)(1)." *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 522 (C.D. Cal. 2022).  To help cure Plaintiffs' prejudice and compensate for the time and expense incurred by Plaintiffs in filing this motion, the Court finds that Plaintiffs are entitled to an award of fees. Plaintiffs are ordered to submit a declaration and records to the Court supporting a reasonable fee award. *See Colonies Partners*, 2020 WL 1496444, at *13.

Lastly, Plaintiffs have requested specialized forensic discovery to attempt to better reconstruct the blog and shed additional light on the blog's removal from the website. ECF No. 114-1, at 8. Defendant has agreed to such discovery, and Defendant and Plaintiffs will meet and confer regarding the appropriate steps forward. As such, the issue of future forensic discovery is now beyond the scope of this motion for sanctions.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for sanctions is GRANTED IN PART. The Court finds that the ESI in question was spoliated by Defendant, and that intent may be inferred from the record. However, due to the availability of lesser substitutes to reduce

3:24-cv-00311-GPC-MSB

the harm to Plaintiffs, the Court foregoes sanctions under Rule 37(e)(2) and instead ORDERS the following pursuant to Rule 37(e)(1):

- Plaintiffs MAY offer into evidence archived website materials from the Wayback Machine. The jury will be instructed that such materials are authentic. Defendant MAY NOT argue that such evidence is inadmissible or that the contents were not publicly posted on Defendant's website.

- The jury will be instructed that Defendant had a duty to preserve blog evidence, and that such evidence was removed from the website—without any preserved copies—after Defendant's duty attached.

- Plaintiffs are entitled to an award of attorney's fees and costs in connection with this motion. Plaintiff is ORDERED to submit a declaration and records to the Court supporting a reasonable fee award within thirty (30) days of the issuance of this order.

IT IS SO ORDERED.

Dated: April 28, 2026

Hon. Gonzalo P. Curiel
United States District Judge

19

3:24-cv-00311-GPC-MSB